UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-cv-00319-JPH-MJD |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On July 18, 2019, the Court ordered Shawn Williams to show cause why his petition for a writ of habeas corpus should not be dismissed for lack of jurisdiction. Dkt. 3. Mr. Williams' petition seeks relief from a prison disciplinary conviction and states that the only sanctions assessed against him included three months in restrictive housing and 45 days' lost phone and commissary privileges. Dkt. 1 at 1. These sanctions did not deprive Mr. Williams of earned credit time or demote him in credit-earning class and therefore did not affect his "custody" for purposes of 28 U.S.C. § 2254. *See* dkt. 3.

In response, Mr. Williams asserts that, at the time of this disciplinary proceeding, he was in Credit Class 3. Dkt. 4 at ¶ 2. A prisoner in Credit Class 3 does not earn credit time and must be free of major conduct reports for 90 days to be promoted to a higher credit-earning class. *Id.* at ¶¶ 2–3. Mr. Williams argues that the disciplinary conviction affected his custody because it reset his 90-day waiting period to begin earning credit time again. *Id.* at ¶ 4.

Mr. Williams' argument is foreclosed by controlling Seventh Circuit precedent. A disciplinary action that results in the denial of a *future* opportunity to earn an earlier release does

not affect an inmate's custody in a manner that permits habeas review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Section 2254 "is the appropriate vehicle when prison officials have *revoked* good-time credits once earned . . . or *lowered* a previously established credit-earning classification . . . ." *Id.* (internal citations omitted). But habeas relief is not available unless the petitioner complains that a "benefit *already conferred* is taken away." *Id.*

Mr. Williams does not challenge a disciplinary action that deprived him of good-time credits or demoted him from a credit-earning class he had *already earned*. Instead, he challenges a disciplinary proceeding that may have delayed his promotion to a higher credit-earning class. This challenge does not raise an issue affecting his custody within the meaning of Section 2254.

"[I]t plainly appears from" Mr. Williams' petition and his response to the show-cause order "that [Mr. Williams] is not entitled to relief in the district court." *Rules Governing Section 2254 Cases in the United States District Courts*, § 4. Rule 4 requires the Court to "dismiss the petition and direct the clerk to notify the petitioner." *Id.* The action is **summarily dismissed** pursuant to Rule 4 for **lack of jurisdiction**. Mr. Williams' motion to proceed, dkt. [9], is **DENIED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/13/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN WILLIAMS
178128
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

2